Mary Jo O'Neill, AZ Bar No. 005924
James P. Driscoll-MacEachron, AZ Bar No. 027828
Gina E. Carrillo, AZ Bar No. 030579
Wasan Awad, AZ Bar No. 025352
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION, Phoenix District Office**
3300 North Central Ave., Suite 690
Telephone: (602) 640-5012
Fax: (602) 640-5071
Email: mary.oneill@eeoc.gov
    james.driscoll-maceachron@eeoc.gov
    gina.carrillo@eeoc.gov
    wasan.awad@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>         Plaintiff,<br><br>    vs.<br><br>Trafficade Services, Inc.,<br><br>         Defendant. | **CIVIL ACTION NO.**<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMAND)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to 1) correct unlawful employment practices on the basis of national origin, 2) correct unlawful retaliation against employees who opposed national

origin discrimination and filed charges under Title VII, and 3) provide appropriate relief to Charging Parties Manuel Uribe Rodriguez and Pedro Gastelum. As alleged with greater particularity in the paragraphs below, Trafficade Service, Inc. subjected Mr. Uribe Rodriguez and Mr. Gastelum to a hostile work environment based on national origin and retaliated against them for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

4. The Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Trafficade has been headquartered in the State of Arizona and has continuously been doing business in the State of Arizona.

6. At all relevant times, Trafficade has continuously employed fifteen or more persons.

7. At all relevant times, Trafficade has been an employer continuously engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Manuel Uribe Rodriguez filed two charges of discrimination with the Commission alleging violations of Title VII by Trafficade.

9. More than thirty days prior to the institution of this lawsuit, Pedro Gastelum filed two charges of discrimination with the Commission alleging violations of Title VII by Trafficade.

10. The Commission provided Trafficade with notice of each of these charges of discrimination.

11. On January 9, 2020, the Commission issued letters of determination for each charge to Trafficade, finding reasonable cause to believe that Trafficade violated Title VII and invited Trafficade to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. The Commission provided Trafficade an opportunity to remedy the discriminatory practices described in the letters of determination.

13. The Commission was unable to secure a conciliation agreement acceptable to the Commission.

14. On March 18, 2020, the Commission sent Trafficade a notice of failure of conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

16. Since at least 2015, Trafficade has engaged in unlawful employment practices based on national origin in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by creating a hostile work environment for Manuel Uribe Rodriguez and Pedro Gastelum because of their national origin. During the same time period, Trafficade engaged in unlawful discrimination in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Mr. Uribe Rodriguez and Mr. Gastelum for engaging in protected activity.

17. In approximately February 2015, Trafficade hired Manuel Uribe Rodriguez as a yard worker.

18. In approximately October 2016, Trafficade hired Pedro Gastelum as a yard worker.

19. During the relevant time period, Jack Dodd managed Mr. Uribe Rodriguez and Mr. Gastelum as part of his crew.

20. During the relevant time period, Jack Dodd had the power to hire and fire members of his crew, including Mr. Uribe Rodriguez and Mr. Gastelum.

21. During the relevant time period, Ricky Perez supervised Mr. Uribe Rodriguez and Mr. Gastelum.

22. During the relevant time period, Ricky Perez had the power to hire and fire members of the crew, including Mr. Uribe Rodriguez and Mr. Gastelum.

23. During the relevant time period, Billy Dodd was a coworker of Mr. Uribe Rodriguez and Mr. Gastelum.

24. Upon information and belief, Billy Dodd served in a quasi-managerial role for the crew during the relevant time period.

25. Jack Dodd, Ricky Perez, and Billy Dodd harassed Mr. Uribe Rodriguez and Mr. Gastelum based on their national origin, Mexican-American, beginning shortly after each of them began work at Trafficade.

26. Jack Dodd, Ricky Perez, and Billy Dodd made disparaging comments to and about Mr. Uribe Rodriguez and Mr. Gastelum on a regular basis regarding their national origin, Mexican-American.

27. Jack Dodd and Billy Dodd used derogatory terms to Mr. Uribe Rodriguez and Mr. Gastelum on multiple occasions, saying "fucking stupid Mexicans," "wetbacks," and "fucking wetbacks."

28. Approximately once a week during the relevant time period, Jack Dodd and Billy Dodd made fun of Mr. Uribe Rodriguez's accent and the way he spoke.

29. On at least one occasion, Jack Dodd laughed at Mr. Uribe Rodriguez when he fell on the ground, saying "that's where your face should be, kissing the dirt."

30. In or around the spring of 2018, Jack Dodd told Mr. Gastelum to "get to work you fucking asshole, lazy ass."

31. On a regular basis, Jack Dodd singled out Mr. Uribe Rodriguez and sent him for unnecessary and baseless random drug screenings.

32. Approximately once a week, from around March of 2017 to June of 2017, Jack Dodd made Mr. Uribe Rodriguez and Mr. Gastelum leave the breakroom before they were finished eating, saying things like "you'll eat when I tell you to eat" or "you don't get a break until I say so."

33. On multiple occasions, Ricky Perez singled out Mr. Uribe Rodriguez and/or Mr. Gastelum telling them to go back to work before their breaks were over.

34. During the relevant time period, Trafficade also created a dangerous work place for Mr. Uribe Rodriguez and Mr. Gastelum based on their national origin.

35. On multiple occasions, Jack Dodd threw tools at Hispanic workers, including Mr. Uribe Rodriguez and Mr. Gastelum, and laughed at them.

36. On a regular basis, Jack Dodd operated the forklifts recklessly around Mr. Uribe Rodriguez and Mr. Gastelum.

37. In approximately early May of 2017, Jack Dodd lifted a steel plate that Mr. Uribe Rodriguez was standing on, forcing him to jump off the plate.

38. In or around the spring of 2018, Jack Dodd lowered a forklift on Mr. Uribe Rodriguez's fingers.

39. During the relevant time period, Trafficade's harassment of Mr. Uribe Rodriguez and Mr. Gastelum was widely known.

40. Trafficade's Equal Employment Opportunity policy states that Trafficade "will not discriminate against employees . . . on any legally recognized basis including . . . national origin."

41. Mr. Uribe Rodriguez complained about Jack Dodd's, Ricky Perez's, and Billy Dodd's behavior directly to Jack Dodd and Ricky Perez on multiple occasions.

42. Trafficade did nothing in response after Mr. Uribe Rodriguez complained to Jack Dodd.

43. Trafficade did nothing in response after Mr. Uribe Rodriguez complained to Ricky Perez.

44. Mr. Uribe Rodriguez complained about Jack Dodd's, Ricky Perez's, and Billy Dodd's behavior directly to Trafficade Human Resources representative, David Taylor.

45. Trafficade did nothing in response after Mr. Uribe Rodriguez complained to Human Resources representative, David Taylor.

46. Mr. Uribe Rodriguez filed his first charge of discrimination with the Commission on June 28, 2017.

47. Mr. Uribe Rodriguez filed his second charge of discrimination with the Commission on January 5, 2018.

48. Mr. Gastelum complained about Jack Dodd's, Ricky Perez's, and Billy Dodd's behavior directly to Jack Dodd.

49. Trafficade did nothing in response after Mr. Gastelum complained to Jack Dodd.

50. Mr. Gastelum complained about Jack Dodd's, Ricky Perez's, and Billy Dodd's behavior directly to Trafficade's president, Dennis Johnson.

51. Trafficade did nothing in response after Mr. Gastelum's complained to Trafficade's president, Dennis Johnson.

52. Mr. Gastelum complained about Jack Dodd's, Ricky Perez's, and Billy Dodd's behavior directly to Trafficade's Human Resources representative David Taylor.

53. Mr. Gastelum also filled out an incident report for Human Resources.

54. Trafficade did nothing in response after Mr. Gastelum complained to Human Resources representative David Taylor or after Mr. Gastelum filled out an incident report.

55. Mr. Gastelum filed his first charge of discrimination with the Commission on August 15, 2017.

56. Mr. Gastelum filed his second charge of discrimination with the Commission on November 29, 2017.

57. As a result of Mr. Uribe Rodriguez and Mr. Gastelum protesting and opposing the national origin harassment they suffered and filing charges of discrimination with the EEOC, Trafficade took actions against them that would dissuade a reasonable employee from engaging in protected activity under Title VII.

58. For example, Trafficade's harassment of Mr. Uribe Rodriguez and Mr. Gastelum increased after Mr. Uribe Rodriguez and Mr. Gastelum complained.

59. And, after Mr. Uribe Rodriguez and Mr. Gastelum filed their charges of discrimination, Trafficade Vice President of Operations Jesus Nunez sought them out.

60. Mr. Nunez told at least Mr. Uribe Rodriguez that the EEOC would not help them.

61. Trafficade fired Mr. Gastelum on November 17, 2017.

62. Trafficade fired Mr. Uribe Rodriguez on June 28, 2018.

## STATEMENT OF CLAIMS

### Count I:
### Harassment based on national origin
### 42 U.S.C. § 2000e-2(a)

63. The allegations in the foregoing paragraphs are incorporated by reference.

64. Since at least March 2015, Trafficade has engaged in unlawful employment practices in violation of Section 703(a), 42 U.S.C. § 2000e-2(a)(1), by subjecting Manuel Uribe Rodriguez and Pedro Gastelum to a hostile work environment based on their national origin, Mexican-American.

65. During the relevant time period, Trafficade management and employees frequently used egregiously offensive terms toward and around Mr. Uribe Rodriguez and Mr. Gastelum because of their national origin, Mexican-American.

66. At all relevant times, members of Trafficade management repeatedly created dangerous working conditions for Mr. Uribe Rodriguez and Mr. Gastelum because of their national origin.

67. Mr. Uribe Rodriguez and Mr. Gastelum complained about the harassing behavior and dangerous work conditions to Trafficade management.

68. Despite Mr. Uribe Rodriguez's and Mr. Gastelum's multiple complaints, Trafficade failed to take prompt or effective remedial action to correct it.

69. Trafficade knew or should have known about the harassment and the dangerous work conditions described above due to the complaints it received and the open and notorious nature of the harassment.

70. Despite this knowledge, Trafficade negligently failed to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

71. The effect of the practices complained of in the foregoing paragraphs has been to deprive Mr. Uribe Rodriguez and Mr. Gastelum of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin, Mexican-American.

72. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

73. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Mr. Uribe Rodriguez and Mr. Gastelum.

**Count II:**
**Retaliation**
**42 U.S.C. § 2000e-3(a)**

74. The allegations in the foregoing paragraphs are incorporated by reference.

75. Since at least 2017, Trafficade has engaged in unlawful employment practices in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a) by

subjecting Manuel Uribe Rodriguez and Pedro Gastelum to adverse employment actions in retaliation for engaging in protected activity under Title VII.

76. Trafficade subjected Mr. Uribe Rodriguez and Mr. Gastelum to materially adverse employment actions after they complained to management and filed charges of discrimination with the EEOC, including but not limited to increased harassment, intimidation, and termination.

77. The effect of the practices complained of in the foregoing paragraphs has been to deprive Mr. Uribe Rodriguez and Mr. Gastelum of equal employment opportunities and otherwise adversely affect their status as employees because of their opposition to unlawful employment practices and their participation in the charge filing process provided in Title VII.

78. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

79. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Mr. Uribe Rodriguez and Mr. Gastelum.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Trafficade, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from engaging in any employment practice that discriminates on the basis of national origin.

-11-

B. Grant a permanent injunction enjoining Trafficade, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from engaging in any unlawful practice which retaliates against any employee for participating in protected activity, including making an internal complaint of discrimination and filing a charge of discrimination.

C. Order Trafficade to institute and carry out policies, practices, and programs that provide equal employment opportunities for all persons regardless of national origin and eradicate the effects of its past and present unlawful employment practices.

D. Order Trafficade to make Manuel Uribe Rodriguez and Pedro Gastelum whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Trafficade to make Manuel Uribe Rodriguez and Pedro Gastelum whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Trafficade to make Manuel Uribe Rodriguez and Pedro Gastelum whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

G. Order Trafficade to pay Manuel Uribe Rodriguez and Pedro Gastelum punitive damages because it acted with the knowledge that, at minimum, there was a perceived risk that its actions violated federal law, as described above, in amounts to be determined at trial.

H. Grant to the Commission such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its taxable and recoverable costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 4th day of August, 2020

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street NE, 5th Floor
Washington, DC 20507-0004

MARY JO O'NEILL
Regional Attorney

JAMES DRISCOLL-MACEACHRON
Supervising Trial Attorney

*/s/ Gina E. Carrillo*
GINA E. CARRILLO
Trial Attorney

WASAN AWAD
Trial Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona
85012